## In re M. Tucker & Company, Inc.

*Cohan & Schumacker*, for petitioner; *Leo Weinrott*, contra.

DICKINSON, J., June 14, 1933.—There have been several orders made by different referees, the review of which raise the same question. They may all be discussed in one opinion. We have accordingly withheld a ruling in any until all could be argued. This has now been done.

The broad question raised is whether on distribution of a bankrupt's estate a debt due the Commonwealth of Pennsylvania has priority of payment because it is a debt due the sovereign irrespective of the nature of the claim. The learned referee who made the order in this cause determined the question in favor of the Commonwealth. It was in consequence unnecessary for him to go into the subsidiary questions of whether the claim was a tax or whether it was a lien or the like. The referees who ruled otherwise of necessity discussed these other questions. There is likewise the question of whether the claim here made is a claim of the sovereign or whether of a corporate body created by the sovereign. Into this latter question we do not go, because we discuss it as if a debt due the State. If the State has not the right of priority because of its sovereign character, a fortiori a subordinate body would not have it.

We have likewise ignored the other subsidiary questions because in the instant cause it was expressly conceded by the very capable counsel who appeared for the State that if it did not have the broad right claimed, no right to priority could be successfully asserted. This moreover was the consensus of opinion. We accordingly restrict the discussion to the broad question stated.

### Discussion

The referee in a very clear and gratifyingly ample discussion has accepted the orthodox view that the State, because it is sovereign, does have the right of priority claimed. The generally, or at least widely, accepted view is that the announced doctrine is the doctrine of what lawyers call the "common law". We may premise that it has been ruled for us that the United States, although a sovereign state, does not have this right: United States v. State Bank of North Carolina, 6 Pet. 29.

This is because of the judicial dictum that there is no common law of the United States and that all its law is statutory, and in the absence of a statute

there is no law. What is called the common law is, however, part of the law of Pennsylvania, and hence it does not follow that because the United States as a sovereign does not possess the right in question, the sovereign State of Pennsylvania is likewise without it.

We think the learned referee is fully supported in his major proposition that the broad right of preference over other claimants to a fund belongs to the State under the law of Pennsylvania.

This suggests the interjection of another subsidiary question. The State having this right may have waived it, and a good part of the discussion by several of the referees is devoted to the question of whether the State of Pennsylvania asserts the right to priority of payment in the distribution of the assets of the estates of insolvents.

We, for reasons which will later appear, ignore also this question of waiver, and go directly to the question of what is this sovereign right to be paid before any other creditors.

The king is the fountain of justice. By this is meant legal justice. It is also meant that the king, through his ministers, the members of the judiciary, dispenses justice. When he did so in person he ruled that it was justice to pay himself before he awarded payment to anyone else. This thus became the law which the courts administered. The doctrine is not a very gracious one and has its sole basis in downright selfishness. The courts have sought to soften it and give it the character of "being fraught with a public interest" by saying that it goes to lighten the public burden of taxation. The real claim, however, is purely personal. It belongs to the sovereign qua sovereign and because he is garbed in the royal purple. When the debt due the sovereign is in its real nature a tax, priority of payment is always accorded it as such without resort to the law in question. This is a purely arbitrary law. It is a part of the dignity that doth hedge the king. He must not be brought into a scramble with other claimants. All such must stand aside from the table until the king has been first served.

Mr. Justice Matthews in Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 370, expresses the thought thus: "Sovereignty itself is, of course, not subject to law, for it is the author and source of law."

We are, however, here not concerned primarily with a law of the State of Pennsylvania but with a law of the United States. It is the law which prescribes how the assets of bankrupt estates shall be distributed, and is to be found in the amended Bankruptcy Act of 1925, 11 USC §104. If this gives to the claim priority of payment it has it; if not, it does not have it. What is asserted to give it is found in paragraph 7 of clause *b* of the section. It has been expressly enacted that the word "person" there used includes the United States and the several States. The enactment is that any "debt" shall have priority if given it by a law of the United States or of the State. We, with some misgivings, attach to this law the meaning that the priority given is to the debt and not to the person of the creditor. The misgivings are due to the circumstance that we do not find the distinction suggested made in any of the adjudged cases. What is meant, however, is that if the law of Pennsylvania gave to claims on behalf of the Workmen's Compensation Fund or to claims for gasoline taxes collected priority of payment out of the assets of the debtor, the like priority is allowed by the Bankruptcy Act. It does not mean that if the debt is owing to the United States or to the State it shall have priority because owing to the sovereign. An all-sufficient reason for so construing the act is that if it had been meant to prefer the sovereign as such the act would have said that debts due the United States or any State were to be first paid. No one

with this thought in mind would have resorted to a circumlocution. If, however, the thought was to prefer debts to which a preference was given by the State law, the phraseology employed is quite apt. The question thus becomes not whether the debt is due to the State and whether the State gives to its own claims priority of payment, but whether the debt is given priority in the sense in which wage and landlord claims are given priority by State law. The distribution of bankruptcy assets is primarily directed by the bankruptcy law. This does not direct that a debt due the State shall have priority of payment. The law of the State does not directly determine the order of distribution. It is only indirectly and secondarily that it does so, and this is because of paragraph 7 of clause *b* of section 64. This clause does not mean that a debt is to have priority because the State is the creditor but only if the State law gives the debt priority as is done in the case of wage and landlord claims but is not done in the case of Workmen's Compensation premiums or gasoline tax collections. It is the nature of the debt which is important, not to whom it is owing. As it is of no importance who the creditor is, it does not matter that it is the State. It is idle to inquire further whether the State has waived its claim to priority.

The referee on his premises has logically reached the conclusion that the debt due the State has priority. One premise, however, is that the Bankruptcy Act gives priority to any and every debt due the State because it is due the State. We do not so read the law. It gives priority to any debt due to anyone, the State or a private individual, if that kind of a debt is given priority by the State. The kinds of debt here in question are not given such priority. The real test is not whether the State law gives preference to State debts but whether the Bankruptcy Act meant to do so. If it had, it would have done so in unequivocal terms.

The petition for a review is allowed, the order of the referee reversed, and the cause remanded, with directions to enter an order of distribution in accordance with this opinion.